IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 11-00353 RLP |
| | ) | |
| Plaintiff, | ) | ORDER REASSIGNING CASE AND |
| | ) | FINDINGS AND RECOMMENDATION |
| vs. | ) | THAT PLAINTIFF BE GIVEN LEAVE |
| | ) | TO FILE AN AMENDED COMPLAINT |
| | ) | AND THAT HIS APPLICATION TO |
| UNITED STATES SOCIAL SECURITY | ) | PROCEED WITHOUT PREPAYMENT OF |
| ADMINISTRATION, | ) | FEES BE DENIED |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION
THAT PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT
AND THAT HIS APPLICATION TO PROCEED WITHOUT PREPAYMENT OF
FEES BE DENIED[1]

Plaintiff Nick Spagnolo, ("Plaintiff"), proceeding *pro se*, filed a Complaint on June 2, 2011, naming the United States Social Security Administration as Defendant. Additionally, on June 2, 2011, Plaintiff filed an Application to Proceed Without Prepayment of Fees ("Application"). After careful consideration of Plaintiff's Application and Complaint, the Court HEREBY ORDERS that the case be reassigned to a district judge and FINDS AND RECOMMENDS that the district court GRANT Plaintiff leave to file

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

an amended complaint, DENY Plaintiff's Application, and GRANT Plaintiff leave to file another Application if he chooses to file an amended complaint.

BACKGROUND

Plaintiff's Complaint contains allegations related to Plaintiff's claim for disability, his Social Security Disability Insurance benefits, and his Supplemental Security Income benefits. Compl. ¶ 1. First, Plaintiff asserts a claim for damages in the amount of $4,750, which he alleges is the difference between his current Supplemental Security Income and the Social Security Disability Insurance, to which he claims he is entitled. Id. ¶¶ 2, 4, 8. Second, Plaintiff asserts that he is owed $75,000 in lost income due to Defendant's failure to complete an investigation regarding unpaid taxes by Plaintiff's former employers. Id. ¶ 5 Note. Third, Plaintiff claims that Defendant has refused to assist Plaintiff in his "SS-8 determinations." Id. ¶ 7. Fourth, Plaintiff alleges that he has been underpaid in his current Supplemental Security Income benefits. Id. ¶ 9.

Plaintiff's Application notes that Plaintiff has been unemployed since January 2010. Appl. at 1. Plaintiff's Application states that he received approximately $380 per month in life insurance beneficiary payments and approximately $670 per month in Supplemental Security Income. Id. at 2. Plaintiff's

Application also states that he has approximately $3,000 in a bank account from disability pay for dental repairs. Id. Finally, Plaintiff's Application states that he owns personal property worth approximately $150. Id.

## DISCUSSION

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

However, a court may dismiss a complaint and deny an application to proceed without prepayment of fees at the outset if it appears from the face of the complaint that the action is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). Additionally, the court may dismiss a complaint for failure to comply with the Federal Rules of Civil Procedure Rule 8. See

Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Because Plaintiff is appearing pro se in this action, the Court liberally construes his pleadings. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Additionally, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

The Court has reviewed Plaintiff's Complaint and concludes that it fails to comply with Rule 8 because it does not allege sufficient grounds for this Court's jurisdiction. See Fed. R. Civ. P. 8(a)(2). Specifically, Plaintiff has not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review. See 42 U.S.C. § 405(g). Section 405(g) provides that judicial review is only available after "any final decision of the Commissioner of Social Security made after a hearing." See also Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (a claimant's failure to exhaust

administrative remedies under § 405(g) deprives a district court of jurisdiction). Further, Plaintiff has not alleged any facts demonstrating that his claims merit waiver of the exhaustion requirements. See Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993).

A plaintiff has exhausted his administrative remedies only after: (1) a state agency has made the initial adverse determination on the application for benefits; (2) the plaintiff has sought reconsideration; and (3) the plaintiff has obtained a hearing before an Administrative Law Judge. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503. The Administrative Law Judge's decision does not become final until the plaintiff requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900. After a plaintiff has exhausted his administrative remedies, he may then seek judicial review within sixty days after receiving notice of the Appeals Council's determination. 42 U.S.C. § 405(g).

Here, it is not clear from Plaintiff's Complaint the specific decision or decisions of the Social Security Administration that Plaintiff is challenging. Plaintiff filed with his Complaint a ninety-five page exhibit that includes partial documentation of three decisions of the Social Security Administration that appear to be the basis of some of Plaintiff's claims.

5

First, Plaintiff includes a March 26, 2010 decision by an Administrative Law Judge regarding his period of disability and disability insurance benefits.  See Ex. 1 at 1-19.  As noted on the cover letter to the decision, Plaintiff had 60 days from receipt of the notice to file a request that the Appeals Council review the decision.  See id. at 1.  Plaintiff does not include any allegations in his Complaint or any documents in his exhibits that show that he filed a request for the Appeals Council to review the decision.  Plaintiff does include a letter he received from the Administrative Law Judge denying his request for "re-opening" the decision dated September 8, 2010.  Id. at 20.  Plaintiff has not provided sufficient information to establish the Court's jurisdiction to review the March 26, 2010 decision.

Second, Plaintiff includes a Request for Reconsideration form that he filed with the Social Security Administration's Honolulu office on April 25, 2011.  Id. at 69.  This Request for Reconsideration appears to challenge the amounts paid to Plaintiff for his Supplemental Security Income benefits.  Id.  Plaintiff does not include any information regarding how or when that Request for Reconsideration was resolved.  Plaintiff has not provided sufficient information to establish the Court's jurisdiction to review the April 25, 2011 decision.

Third, Plaintiff includes portions of a May 2, 2011 decision regarding his Supplemental Security Income.  Id. at 70,

71, and 81.  It is not clear whether any of Plaintiff's claims are based on this decision.  Plaintiff does not include any information regarding whether he sought administrative review of this decision.  Plaintiff has not provided sufficient information to establish the Court's jurisdiction to review the May 2, 2011 decision.

Plaintiff's Complaint states that jurisdiction is proper in this Court because the Social Security Administration is a government body and Plaintiff is a resident of Hawaii.  Compl. ¶ 3.  However, 42 U.S.C. § 405(h) provides that no action to recover on a claim may be brought under 28 U.S.C. § 1331 or § 1346.  See Mathews v. Eldridge, 424 U.S. 319, 327-30 (1976) ("42 U.S.C. § 405(h) precludes federal question jurisdiction in an action challenging denial of claimed benefits.  The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite.").

Although not entirely clear from the documents submitted with the Complaint, it appears that Plaintiff began the process for seeking administrative review regarding his benefits.  However, Plaintiff has not provided sufficient facts showing that he exhausted his administrative remedies as required by statute.  Accordingly, the Court recommends that Plaintiff be granted leave to file an amended complaint, addressing the deficiencies

identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation. Any amended complaint must clearly and plainly state the basis of the Court's jurisdiction, including the specific administrative decision that Plaintiff is challenging and the steps that Plaintiff took to exhaust his administrative remedies. If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten on the court-approved form, and may not incorporate any part of the original Complaint by reference. See LR 10.3. Because the Court finds that the Complaint is deficient, the Court also recommends that Plaintiff's Application be denied and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint.

On June 2, 2011, this case was assigned to the undersigned magistrate judge for all purposes, including trial and final entry of judgment. See Docket No. 4. A magistrate judge has "no authority to issue a dispositive order denying *in forma pauperis* status absent compliance with 28 U.S.C. 636(c)," which requires the consent of the parties to the magistrate judge's presiding over the action. Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988). Here, the consent of Defendant United States Social Security Administration cannot be obtained because service of process of the Complaint will not be effectuated until

Plaintiff's Application has been granted or the appropriate filing fee has been paid. Even if Plaintiff were to consent to the jurisdiction of the undersigned magistrate judge, the consent of Defendant is necessary to exercise the Court's power to enter an order denying Plaintiff's Application. See Hajek v. Burlington N. R.R. Co., 196 F.3d 1105, 1107-08 (9th Cir. 1999) (holding that appellate jurisdiction cannot be created by plaintiff's consent where Magistrate Judge lacked authority to render final judgment on behalf of the district court). Accordingly, this case is reassigned to a district judge with the recommendation that Plaintiff be granted leave to file an amended complaint and that Plaintiff's Application be denied.

## CONCLUSION

The Court HEREBY ORDERS that the Clerk's Office reassign the instant case to a district judge and FINDS AND RECOMMENDS that the district court:

1) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation;

2) DENY Plaintiff's Application;

3) GRANT Plaintiff leave to file another Application if he chooses to file an amended complaint.

IT IS SO ORDERED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 17, 2011



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**SPAGNOLO V. UNITED STATES SOCIAL SECURITY ADMINISTRATION, CIVIL NO. 11-00353 RLP; ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION THAT PLAINTIFF BE GIVEN LEAVE TO FILE AN AMENDED COMPLAINT AND THAT HIS APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED**