IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| NICK SPAGNOLO, | ) | CV. NO. 11-00353 DAE-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION, | ) | |
| Defendant. | ) | |

ORDER: (1) DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court: (1) **DENIES** Plaintiff's Objections to the Findings and Recommendation (Doc. # 9) and (2) **ADOPTS** the Magistrate Judge's Findings and Recommendation (Doc. # 6).

BACKGROUND

Plaintiff Nick Spagnolo's ("Plaintiff") four-page complaint relates to claims for disability, Social Security Disability, Insurance benefits, and Supplemental Security Income benefits. (See "Compl.," Doc. # 1.) Plaintiff first

"seeks to recover damages in the amount of $4,750 as satisfaction in this complaint." (Id. ¶ 2.) Plaintiff next claims he is entitled to $75,000 in lost income "due to the [Social Security Administration's] failure to initiate and complete an investigation of unpaid taxes by past employers." (Id. ¶ 5.) Plaintiff also accuses Defendant of "refus[ing] assistance and [on two occasions] violating [his] rights [by] asking security to remove [him] from the local office." (Id. ¶ 7.) Plaintiff finally alleges that he has been underpaid in his current Supplemental Security Income benefits. (Id. ¶ 9.)

Plaintiff's Application to Proceed Without Payment of Fees ("Application") notes that Plaintiff has been unemployed since January 2010. ("Appl.," Doc. # 2, at 1.) Plaintiff claims that he receives approximately $380 per month in life insurance beneficiary payments and approximately $670 per month in Supplemental Security Income. (Id. at 2.) Plaintiff's Application also states he has about $3,000 in a bank account from disability pay for dental repairs. (Id.)

On June 17, 2011, United States Magistrate Judge Richard L. Puglisi issued a Findings and Recommendation that Plaintiff be given leave to file an amended Complaint and that his Application to proceed without prepayment of fees be denied. (See "FR," Doc. # 6.) Judge Puglisi found that the Complaint failed to satisfy Federal Rule of Civil Procedure ("Rule") 8 because Plaintiff "has

not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review." (Id. at 4.) Judge Puglisi meticulously reviewed Plaintiff's exhibits attached to the Complaint, (id. at 6–7,) and ultimately concluded that Plaintiff should be granted leave to file an amended complaint addressing the deficiencies. (Id. at 7–8.) Because Judge Puglisi found the Complaint wanting, he also recommended that "Plaintiff's Application be denied and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint." (Id. at 8.) On June 27, 2011, Plaintiff filed his Objections to the Findings and Recommendation. ("Obj.," Doc. # 9.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

3

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861 F.2d 571, 576–66 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain a "a short plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted). The complaint must provide enough information so that the defendant can respond to the allegations and fashion meaningful discovery requests. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

With respect to Social Security and related benefits "[a]ny individual, after final decision of the Commissioner of Social Security made after a hearing to which he was a part . . . may obtain a review of such decision by a civil action commenced within sixty days after mailing to him notice of such decision . . . ." See 42 U.S.C. § 405(g). This exhaustion requirement is "'the sole avenue for judicial review' for claims 'arising under' the Medicare Act." Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1140 (9th Cir. 2010) (quoting Heckler v. Ringer, 466 U.S. 602, 614–15 (1984)). The Supreme Court has clarified that "the

5

exhaustion requirement of § 405(g) consists of a non-waivable requirement that a claim for benefits shall have been presented to the Secretary, and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant. Heckler, 466 U.S. at 617 (quotations and citations omitted). "Only once the Secretary has issued a 'final decision' may the individual seek judicial review of that determination." Do Sung Uhm, 620 F.3d at 1140. A "final decision" is rendered only after the individual has "pressed his claim" through all levels of administrative review. Heckler, 466 U.S. at 605

Looking at the Complaint before it, the Court cannot conclude that Judge Puglisi in any way erred. The Complaint simply does not explain which decision or decisions of the Social Security Administration Plaintiff is challenging. As Judge Puglisi noted, Plaintiff provided excerpts of three decisions by the Social Security Administration. One includes a receipt of notice that Plaintiff should appeal his decision to the Appeals Council. (See Doc. # 1, at 1–19.) Plaintiff does not, however, plead or allege facts which suggests he so appealed. Plaintiff also includes a Request for Reconsideration form that he filed with the Social Security Administration's Honolulu Office on April 25, 2011. (Id. at 69.) Plaintiff does not plead or allege facts which illuminate the resolution of the request. Finally, Plaintiff includes portions of a decision regarding his Supplemental Security

6

Income.  (Id. at 70.)  As Judge Puglisi found, however, it is not clear whether any of Plaintiff's claims are based on this decision.

In his Objections, Plaintiff argues primarily the merits of his claim rather than focus on the specific issue of whether he sufficiently pled jurisdiction. (See Obj. ¶¶ 7–15.)  Plaintiff complains that Judge Puglisi has misunderstood his complaint and that he has no outstanding disability claim and that instead he should receive underpayment because of "virtual theft."  (Id. ¶ 1.)  This, however, bolsters Judge Puglisi's conclusion—if there is no claim to review, the Court plainly does not have jurisdiction to hear Plaintiff's Complaint.  Plaintiff argues as well that "the SSDI reference is sufficient on its face, to satisfy jurisdictional requirements.  The court, again, may not impose this cause of action on the pro se plaintiff."  (Id. ¶ 16.)  It is unclear to the Court what precisely Plaintiff means here, but as long as Plaintiff seeks to recover from the United States Social Security Administration he must unambiguously demonstrate that he has exhausted his administrative remedies.[1]

The Court also wishes to note that to the extent Plaintiff seeks to

---

[1] Indeed, Plaintiff states specifically in his Objections that "[t]his Complaint is one for 'underpayments' which have not been paid under government regulations" and cites to 42 U.S.C. § 1382(b), a provision of the Medicare Act. Plaintiff must therefore demonstrate he has exhausted his administrative remedies to proceed with this action.  See Heckler, 466 U.S. at 617.

amend his Complaint via his Objections, he may not do so. (See id. ¶ 1 ("It appears on the face of the order the Judge has referenced as confusion basically the entire complaint. Therefore I must respond.") Only an amended pleading can cure the Rule 8 defect which Judge Puglisi appropriately identified.[2]

Having concluded that Judge Puglisi correctly found that the Complaint did not satisfy Rule 8, the Court further concludes that Judge Puglisi also correctly denied Plaintiff's Application. "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." See Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). Without satisfying Rule 8's jurisdiction requirement, Plaintiff could not hope to succeed on the merits. Accordingly, the Court finds no error with Judge Puglisi's Findings and Recommendation.[3]

---

[2] Indeed, Plaintiff throughout his Objections assert that his Complaint "has always been one for civil rights violations." (See, e.g., Obj. ¶ 15.) If Plaintiff intends to assert a civil rights violation he must clearly amend his Complaint to reflect as much.

[3] The Court notes that Plaintiff has already accepted Judge Puglisi's invitation to file an amended complaint. (See Doc. # 13.) Consistent with Judge Puglisi's Findings and Recommendations, Plaintiff may now also file another application to proceed in forma pauperis.

CONCLUSION

For these reasons the Court: (1) **DENIES** Plaintiff's Objections to the Findings and Recommendation (Doc. # 9) and (2) **ADOPTS** the Magistrate Judge's Findings and Recommendation (Doc. # 6).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 19, 2011.

_____
David Alan Ezra
United States District Judge

Spagnolo v. United States Social Security Administration, CV 11-00353 DAE-RLP; ORDER: (1) DENYING PLAINTIFF'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATION AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION