IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| NICK SPAGNOLO, | ) | CIVIL NO. 11-00353 DAE-RLP |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S SECOND |
| vs. | ) ) ) | APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND PLAINTIFF'S AMENDED |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION, | ) ) ) | PLEADINGS BE DISMISSED WITHOUT LEAVE TO AMEND |
| Defendant. | ) ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND PLAINTIFF'S AMENDED PLEADINGS BE DISMISSED WITHOUT LEAVE TO AMEND[1]

Plaintiff Nick Spagnolo, ("Plaintiff"), proceeding *pro se*, initiated this action against the United States Social Security Administration as Defendant. Before the Court is Plaintiff's Amended Application to Proceed Without Prepayment of Fees ("Second Application"), filed on August 29, 2011. After careful consideration of Plaintiff's Second Application and the pleadings in this case, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Second Application and DISMISS WITHOUT LEAVE TO AMEND Plaintiff's amended pleadings.

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

BACKGROUND

Plaintiff filed his initial complaint on June 2, 2011. Docket No. 1. On that same day, Plaintiff filed an Application to Proceed Without Prepayment of Fees ("First Application"). Docket No. 2. This Court issued its findings and recommendation that the district court grant Plaintiff leave to file an amended complaint, deny Plaintiff's First Application, and grant Plaintiff leave to file another Application if he chooses to file an amended complaint. Docket No. 6. This Court concluded that Plaintiff's Complaint did not allege sufficient grounds for jurisdiction and recommended that the district court grant Plaintiff leave to file an amended complaint addressing the jurisdictional deficiencies.[2] Plaintiff filed objections to this Court's findings and recommendations on June 27, 2011. Docket No. 9. On July 19, 2011, the district court denied Plaintiff's objections and adopted this Court's findings and recommendation. Docket No. 14. Accordingly, Plaintiff's Complaint was dismissed with leave to amend and his First Application was denied with leave to re-file. Id.

Plaintiff has filed three documents that appear to comprise his amended pleadings: (1) "Amended Pleading - Order Dated June 17, 2011"; (2) "Supplemental Pleading: To Amend

---

[2] Plaintiff filed a Supplemental Pleading Rule 15(d) - Motion on June 16, 2011, which this Court denied without prejudice on July 12, 2011. Docket Nos. 5, 12.

Pleading Dated July 15, 2011"; and (3) "Amendment - Damages." The Court will collectively construe these three documents as an amended complaint.[3] On August 29, 2011, Plaintiff filed his Second Application.[4]

Plaintiff's amended pleadings contain allegations related to Plaintiff's Social Security benefits. Plaintiff alleges that Defendant has made deductions to his benefit payments in violation of the Social Security Act. Plaintiff seeks monetary damages in the amount of $79,585 and for "underpayments" in the amount of $4,585. Docket No. 13 at 7. Plaintiff also states that the complaint is "one for civil rights violations in regards to title 42 and 20 CFR regulations [sic]." Docket No. 13 at 6.

Plaintiff's Application notes that Plaintiff is unemployed. Appl. at 1. Plaintiff's Application states that he receives $607.40 per month in Supplemental Security Income. Id. at 1. Plaintiff's Application also states that he has approximately $3,500 in a bank account from Social Security

---

[3] Plaintiff has also filed a Motion for Writ of Mandamus (Docket No. 20) and a Motion for Summary Judgment (Docket No. 23). Those motions are pending before District Court Judge David Alan Ezra and were not considered in reaching the conclusions discussed in this decision.

[4] Plaintiff filed an Application on August 25, 2011 (Docket No. 26), but later filed an "amended" Application (Docket No. 27), which included receipts supporting the figures provided in his Application.

3

payments for dental repairs, most of which remain to be completed.  Id. at 2.  Finally, Plaintiff's Application states that he owns personal property worth approximately $325.  Id.

## DISCUSSION

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

For actions under 28 U.S.C. § 1915(a), the court must screen the complaint and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001).  Additionally, the court may dismiss a complaint for failure to comply with the Federal Rules of Civil Procedure Rule 8.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement

of the grounds for the court's jurisdiction" and "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

Because Plaintiff is appearing pro se in this action, the Court liberally construes his pleadings. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Additionally, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000).

The Court has reviewed Plaintiff's Amended Pleading, Supplemental Pleading, and Amendment-Damages and concludes that the amended pleadings fail to comply with Rule 8 because they do not allege sufficient grounds for the court's jurisdiction. See Fed. R. Civ. P. 8(a)(2). In his amended pleadings, Plaintiff asserts several bases for jurisdiction. Plaintiff asserts that the court has jurisdiction "over all cases and controversy, where the United States or any one of its government bodies is a party," citing 28 U.S.C. §§ 1330 through 1369. Docket No. 13 at 2. Additionally, Plaintiff asserts that the court has jurisdiction under Bell v. Hood, a 1946 Supreme Court case discussing federal question jurisdiction. Docket No. 3 at 2-3, 5. Plaintiff also alleges jurisdiction under 28 U.S.C.

§ 1343(3), which provides jurisdiction over certain civil rights actions. See Docket No. 16 at 3. The Court finds that none of the asserted bases are appropriate given the allegations in the amended pleadings.

In reviewing the Amended Pleading, the Supplemental Pleading, and the Amendment-Damages, the Court finds that Plaintiff's claims center on Defendant's alleged failure to pay "back, retroactive, underpayments" to Plaintiff. Docket No. 13 at 3. As Plaintiff states in his Amended Pleading, the "complaint is one for underpayments of nearly $4,600 and damages resulting from SSA refusal to include wages which could increase [Plaintiff's] benefits and make available for recovery over $100,000 in unpaid unemployment benefits." Id. at 5; see also id. at 4 ("The SSA has repeatedly attempted alterations and deductions of underpayments"); id. at 5 ("[Plaintiff] demonstrate all 'underpayments' claimed as overdue"); id. at 6 (seeking "full remittance of the underpayment total submitted"). In his Amendment-Damages statement, Plaintiff alleges that Defendant has "continued the illegal reduction of [his] monthly benefits" and provides a calculation of damages based on those deductions. Docket No. 18 at 1-2. The claims in Plaintiff's amended pleadings are essentially the same claims that the court previously found to be deficient because Plaintiff had failed to allege a proper basis for jurisdiction.

As with his prior Complaint, Plaintiff has not alleged facts in the amended pleadings sufficient to show that he has exhausted his administrative remedies before seeking judicial review. See 42 U.S.C. § 405(h) ("No action against the [Social Security Administration] shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Under Section 405(h) of the Social Security Act, "[t]he only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." Mathews v. Eldridge, 424 U.S. 319, 327-30 (1976) ("42 U.S.C. § 405(h) precludes federal question jurisdiction in an action challenging denial of claimed benefits."). Section 405(g) provides that judicial review is only available after "any final decision of the Commissioner of Social Security made after a hearing." See also Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (a claimant's failure to exhaust administrative remedies under section 405(g) deprives a district court of jurisdiction). As the court held in its July 19, 2011 order, "as long as Plaintiff seeks to recover from the United States Social Security Administration he must unambiguously demonstrate that he has exhausted his administrative remedies." Docket No. 14 at 7.

Similar to the prior Complaint filed by Plaintiff, it is not clear from the amended pleadings which specific decision

7

or decisions of the Social Security Administration that Plaintiff is challenging.  In his Amended Pleading, Plaintiff references a March 26, 2010 decision by an Administrative Law Judge regarding his period of disability and disability insurance benefits.  Docket No. 13 at 2.  Plaintiff does not include any allegations regarding any administrative review process of the March 26, 2010 decision.  As the Court held in its prior findings and recommendation, Plaintiff has not provided sufficient information to establish the Court's jurisdiction to review the March 26, 2010 decision.  Attached to his Amended Pleading, Plaintiff included three letters from various Social Security Administration offices dated October 19, 2010, October 20, 2010, and May 20, 2010.  Docket Nos. 13-8, 13-9 , 13-10.  Plaintiff also included one page from a June 4, 2011 letter that outlines the administrative review process.  Docket No. 13-11.  There is no indication that Plaintiff engaged in the review process for any of decisions that are the basis for the letters attached to his Amended Pleading.  Additionally, despite Plaintiff's allegations to the contrary, the letter attached to Plaintiff's Supplemental Pleading was not a final administrative decision subject to judicial review.  See Docket No. 16.  The letter dated April 28, 2011, which Plaintiff claims he did not received until June 20, 2011, indicates that a July 19, 2010 informational letter was sent to Plaintiff regarding his Supplemental Security

Income payment. Docket No. 16-1. The letter states that the informational letter did not contain a decision that can be appealed. Id. Although Plaintiff did not include the July 19, 2010 informational letter in his amended pleadings, this statement seems to indicate that the informational letter is not appealable through the normal appeals process and cannot be reviewed by the courts.

Although Plaintiff uses the term "civil rights" in his Amended Pleading and the term "constitutional claim" in his Supplemental Pleading, the Court finds that Plaintiff has not amended his pleadings to state a claim for a civil rights violations or other constitutional claim separate from his claim for benefits from the Social Security Administration. Even to the extent Plaintiff has stated a constitutional claim arising under the Social Security Act, he would still be required to exhaust his administrative remedies. See Weinberger v. Salfi, 422 U.S. 749 (1975) (holding that section 405(h) rendered section 405(g) the exclusive route for a constitutional challenge to the Act's provisions).

As the Court detailed in its prior decision, a plaintiff has exhausted his administrative remedies only after: (1) a state agency has made the initial adverse determination on the application for benefits; (2) the plaintiff has sought reconsideration; and (3) the plaintiff has obtained a hearing

9

before an Administrative Law Judge. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.900, 404.1503. The Administrative Law Judge's decision does not become final until the plaintiff requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900. After a plaintiff has exhausted his administrative remedies, he may then seek judicial review within sixty days after receiving notice of the Appeals Council's determination. 42 U.S.C. § 405(g).

Plaintiff has now had two formal opportunities to correct the deficiencies in his pleadings and has filed three separate pleadings attempting to address the jurisdictional issues previously identified by the court. Because Plaintiff has repeatedly failed to state a proper basis for jurisdiction, the Court finds that further amendment of these claims would be futile. Accordingly, the Court recommends that Plaintiff's Amended Pleading, Supplemental Pleading, and Amendment-Damages be dismissed without leave to amend. Because the Court finds that the Complaint is deficient, the Court also recommends that Plaintiff's Second Application be denied.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DENY Plaintiff's Second Application;
2) DISMISS WITHOUT LEAVE TO AMEND Plaintiff's Amended Pleading, Supplemental Pleading, and Amendment-

10

Damages.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, AUGUST 30, 2011



                                    _____
                                    Richard L. Puglisi
                                    United States Magistrate Judge




**SPAGNOLO V. UNITED STATES SOCIAL SECURITY ADMINISTRATION, CIVIL NO. 11-00353 DAE-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED AND PLAINTIFF'S AMENDED PLEADINGS BE DISMISSED WITHOUT LEAVE TO AMEND**