IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CV. NO. 11-00353 DAE-RLP |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER: (1) ADOPTING IN PART AND MODIFYING IN PART THE
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND (2)
DENYING AS MOOT PLAINTIFF'S MOTIONS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting memoranda, the Court: (1) **ADOPTS IN PART and MODIFIES IN PART** the Magistrate Judge's Findings and Recommendation (Doc. # 28) and (2) **DENIES AS MOOT** Plaintiff's Motions for Writ of Mandamus, Summary Judgment, and Attorneys Fees (Docs. ## 20, 23, 32).

BACKGROUND

On June 2, 2011, Plaintiff Nick Spagnolo ("Plaintiff") filed a four-page complaint relating to claims for disability, Social Security Disability,

Insurance benefits, and Supplemental Security Income benefits. (See Doc. # 1.) Plaintiff also filed an Application to Proceed Without Payment of Fees. (Doc. # 2.)

On June 17, 2011, United States Magistrate Judge Richard L. Puglisi issued a Findings and Recommendation that Plaintiff be given leave to file an amended Complaint and that his Application to Proceed Without Prepayment of Fees be denied. (See Doc. # 6.) Judge Puglisi found that the Complaint failed to satisfy Federal Rule of Civil Procedure ("Rule") 8 because Plaintiff "has not alleged facts sufficient to show that he has exhausted his administrative remedies before seeking judicial review." (Id. at 4.) Judge Puglisi meticulously reviewed Plaintiff's exhibits attached to the Complaint, (id. at 6–7,) and ultimately concluded that Plaintiff should be granted leave to file an amended complaint addressing the deficiencies. (Id. at 7–8.) Because Judge Puglisi found the Complaint wanting, he also recommended that "Plaintiff's Application be denied and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint." (Id. at 8.) Plaintiff objected thereafter. (See Doc. # 9.) On July 19, 2011, this Court issued an Order denying Plaintiff's Objections and adopting Judge Puglisi's Findings and Recommendation. (Doc. # 14.)

Plaintiff has since filed three documents which appear to comprise his amended Complaint. The documents are entitled: (1) "Amended Pleading —

Order Dated June 17, 2011" ("Amended Pleading," Doc. # 13); (2) "Supplemental Pleading: To Amend Pleading Dated July 15, 2011" ("Supplemental Pleading," Doc. # 16); and (3) "Amendment — Damages" ("Damages," Doc. # 18). On August 29, 2011, Plaintiff filed his second Application to Proceed in District Court without Prepaying Fees or Costs ("Second Application"). (Doc. # 27.)

On August 16, 2011, Plaintiff filed a Motion for a Writ of Mandamus. (Doc. # 20.) On August 23, 2011, Plaintiff filed a Motion for Summary Judgment. (Doc. # 23.) On September 15, 2011, Plaintiff filed a Motion for Attorney Fees. (Doc. # 32.)

Plaintiff's Amended Pleadings again contain allegations related to Plaintiff's Social Security benefits. Plaintiff alleges Defendant has made deductions in violation of the Social Security Act and seeks damages in the amount of $79,585 and underpayments in the amount of $4,585. (Amended Pleading at 7.) Plaintiff also claims that Defendant has committed civil rights violations. (Id. at 6.)

On August 30, 2011, Judge Puglisi issued a Findings and Recommendation that Plaintiff's Second Application be denied and that Plaintiff's Amended Pleadings be dismissed without leave to amend. ("FR," Doc. # 28.) On September 9, 2011, Plaintiff filed a Motion for Recusal of Judge Puglisi. (Doc.

# 30.) The Court construes Plaintiff's Motion for Recusal as both a Motion for Recusal and also as Objections to Judge Puglisi's latest Findings and Recommendation.[1]

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear and decide a pretrial matter pending before the court. The decision of the magistrate judge on non-dispositive matters is final. Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991). However, a district judge may reconsider a magistrate's order on these non-dispositive pretrial matters and set aside that order, or any portion thereof, if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); LR 74.1; see Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004); see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).

The threshold of the "clearly erroneous" test is high. See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1084 (D. Haw. 2001). The magistrate judge's factual findings must be accepted unless the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Silverman, 861

---

[1] The Motion for Recusal is currently pending before Judge Puglisi. (See Doc. # 31.)

F.2d 571, 576–66 (9th Cir. 1988). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cnty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008); see Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain a "a short plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

5

right of action." Id. (citation omitted). The complaint must provide enough information so that the defendant can respond to the allegations and fashion meaningful discovery requests. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Furthermore, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

With respect to Social Security and related benefits, "[a]ny individual, after final decision of the Commissioner of Social Security made after a hearing to which he was a part . . . may obtain a review of such decision by a civil action commenced within sixty days after mailing to him notice of such decision . . . ." See 42 U.S.C. § 405(g). This exhaustion requirement is "'the sole avenue for judicial review' for claims 'arising under' the Medicare Act." Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1140 (9th Cir. 2010) (quoting Heckler v. Ringer, 466 U.S. 602, 614–15 (1984)). The Supreme Court has clarified that "the exhaustion requirement of § 405(g) consists of a non-waivable requirement that a claim for benefits shall have been presented to the Secretary, and a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant. Heckler, 466 U.S. at 617 (quotations and citations omitted). "Only once the Secretary has issued a 'final decision' may the individual

seek judicial review of that determination." Do Sung Uhm, 620 F.3d at 1140. A "final decision" is rendered only after the individual has "pressed his claim" through all levels of administrative review. Heckler, 466 U.S. at 605

Looking at the Pleadings before it, the Court cannot conclude that Judge Puglisi in any way erred in determining Plaintiff failed to satisfy the pleading standard of Rule 8. Plaintiff's claim stems from the Social Security Administration's alleged failure to pay "back, retroactive, underpayments" to Plaintiff. (Amended Pleading at 3; see also id. at 5; id. at 4; id. at 6.) Similarly, in Plaintiff's Amendment-Damages statement, Plaintiff claims that Defendant has "continued the illegal reduction of [his] monthly benefits" and presents to the Court a calculation of damages based on those deductions. (Damages at 1–2.) As Judge Puglisi found, "[t]he claims in Plaintiff's amended pleadings are essentially the same claims that the court previously found to be deficient because Plaintiff had failed to allege a proper basis for jurisdiction." (FR at 6.)

As discussed, before seeking administrative review a plaintiff must exhaust his administrative remedies. See 42 U.S.C. § 405(h) ("No action against the [Social Security Administration] shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Per the Social Security Act, the only avenue for judicial review is 42 U.S.C. § 405(g), which

7

requires exhaustion of administrative remedies "as a jurisdictional prerequisite." Mathews v. Eldridge, 424 U.S. 319, 327–30 (1976). Judicial review is only available after "any final decision of the Commissioner of Social Security made after a hearing." Bass v. Soc. Sec. Admin, 872 F.2d 832, 833 (9th Cir. 1989).

Judge Puglisi has now twice made clear to Plaintiff what he must plead in order to demonstrate he has exhausted his administrative remedies. A plaintiff's administrative remedies are exhausted only after: (1) a state agency has made the initial adverse determination on the application for benefits; (2) the plaintiff has sought reconsideration; and (3) the plaintiff has obtained a hearing before an Administrative Law Judge. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900, 404.1503. The Administrative Law Judge's decision is not final until a plaintiff requests review before an Appeals Council, and the Appeals Council either grants or denies review. 20 C.F.R. § 404.900. Plaintiff may only seek judicial review sixty days after the Appeal Council's determination. 42 U.S.C. § 405(g).

Not withstanding Plaintiff's protestations in his Objections, nor the pleadings he has submitted to the Court, he has nowhere pled that he followed these administrative procedures. Nor has Plaintiff made clear which specific decision or decisions of the Social Security Administration he is challenging. (See FR at 8–9.) Moreover, although Plaintiff has claimed his civil rights have been

violated, he has provided no facts which support this claim aside from his claim for benefits from the Social Security Administration.

The Court therefore agrees with Judge Puglisi that Plaintiff's Amended Pleadings should be dismissed for failing to allege sufficiently jurisdiction and failing to comply with Rule 8. The Court also agrees that Plaintiff's Second Application should be denied. Given that Plaintiff is proceeding pro se, however, the Court is inclined to provide Plaintiff another opportunity to amend his Complaint.

Plaintiff is hereby <u>directed</u> as follows:

- Plaintiff's amended Complaint shall be comprised of a single document.

- Plaintiff must succinctly and clearly state the dates of the state's adverse determinations he is challenging.

- Plaintiff must then state specifically when he sought reconsideration of those determinations.

- Plaintiff must next provide the dates he presented his complaints to an Administrative Law judge.

- Plaintiff must provide the dates on which he sought review of the Administrative Law judge's adverse decision before the Appeals Counsel.

- Plaintiff must finally provide the date in which the Appeals Counsel denied his requests for review.

All of this must be done clearly and coherently; the Court will no longer tolerate confused and unorganized pleadings. A failure to comply with any aspect of these directions will result in dismissal of these proceedings <u>with prejudice</u>.

Plaintiff is therefore granted thirty (30) days to amend his Complaint and refile his Application to Proceed Without Payment of Fees.

Finally, because the Court is dismissing Plaintiff's Amended Pleadings without prejudice, Plaintiff's Motions for Writ of Mandamus, Summary Judgment, and Attorneys Fees are hereby **DENIED AS MOOT**. Plaintiff is invited to refile these Motions once he has filed his amended Complaint.

## CONCLUSION

For these reasons the Court: (1) **ADOPTS IN PART and MODIFIES IN PART** the Magistrate Judge's Findings and Recommendation

(Doc. # 28) and (2) **DENIES AS MOOT** Plaintiff's Motions for Writ of

Mandamus, Summary Judgment, and Attorneys Fees (Docs. ## 20, 23, 32).

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, September 21, 2011.



_____
David Alan Ezra
United States District Judge

Spagnolo v. United States Social Security Administration, CV 11-00353 DAE-RLP; ORDER: (1) ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND (2) DENYING AS MOOT PLAINTIFF'S MOTIONS