IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NICK SPAGNOLO, ) | CV. NO. 11-00353 DAE-RLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER: (1) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND (2) DISMISSING THE ACTION

On June 2, 2011, Plaintiff Nick Spagnolo ("Plaintiff") filed a four-page complaint relating to claims for disability, Social Security Disability, Insurance benefits, and Supplemental Security Income benefits. (See Doc. # 1.) Plaintiff also filed an Application to Proceed Without Payment of Fees. (Doc. # 2.)

On June 17, 2011, United States Magistrate Judge Richard L. Puglisi issued a Findings and Recommendation that Plaintiff's Complaint be dismissed with leave to amend and that his Application to Proceed Without Prepayment of Fees be denied. (Doc. # 6.) Judge Puglisi found that the Complaint failed to satisfy Federal Rule of Civil Procedure ("Rule") 8 because Plaintiff "has not alleged facts sufficient to show that he has exhausted his administrative remedies

before seeking judicial review." (Id. at 4.) Judge Puglisi meticulously reviewed Plaintiff's exhibits attached to the Complaint, (id. at 6–7,) and ultimately concluded that Plaintiff should be granted leave to file an amended complaint addressing the deficiencies. (Id. at 7–8.) Because Judge Puglisi found the Complaint wanting, he also recommended that "Plaintiff's Application be denied and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint." (Id. at 8.) Plaintiff objected thereafter. (See Doc. # 9.) On July 19, 2011, this Court issued an Order denying Plaintiff's Objections and adopting Judge Puglisi's Findings and Recommendation. (Doc. # 14.)

Plaintiff subsequently filed three documents that appeared to comprise his amended Complaint. The documents are entitled: (1) "Amended Pleading - Order Dated June 17, 2011" (Doc. # 13), (2) "Supplemental Pleading: To Amend Pleading Dated July 15, 2011" (Doc. # 16), and (3) "Amendment - Damages" (Doc. # 18) (collectively, "Amended Pleadings"). On August 29, 2011, Plaintiff filed his Second Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. # 27.)

On August 30, 2011, Judge Puglisi issued a Findings and Recommendation that Plaintiff's Second Application to Proceed Without Prepayment of Fees be denied and that Plaintiff's Amended Pleadings be dismissed

without leave to amend.  (Doc. # 28.)  Judge Puglisi found, "[t]he claims in Plaintiff's amended pleadings are essentially the same claims that the court previously found to be deficient because Plaintiff had failed to allege a proper basis for jurisdiction."  (Id. at 6.)

On September 21, 2011, this Court issued an Order Adopting in Part and Modifying in Part the Magistrate Judge's Findings and Recommendation. (Doc. # 34.)  This Court held that it agreed with Judge Puglisi that Plaintiff's Amended Pleadings should be dismissed for failing to sufficiently allege jurisdiction and failing to comply with Rule 8.  (Id. at 9.)  The Court also noted that "Judge Puglisi has now twice made clear to Plaintiff what he must plead in order to demonstrate he has exhausted his administrative remedies."  (Id. at 8.)  However, given that Plaintiff is proceeding pro se, the Court gave Plaintiff one final opportunity to amend his Complaint.  (Id. at 9.)  The Court advised Plaintiff as follows:

- Plaintiff's amended Complaint shall be comprised of a single document.
- Plaintiff must succinctly and clearly state the dates of the state's adverse determinations he is challenging.
- Plaintiff must then state specifically when he sought reconsideration of those determinations.
- Plaintiff must next provide the dates he presented his complaints to an Administrative Law judge.

3

- Plaintiff must provide the dates on which he sought review of the Administrative Law judge's adverse decision before the Appeals Counsel.
- Plaintiff must finally provide the date in which the Appeals Counsel denied his requests for review.

All of this must be done clearly and coherently; the Court will no longer tolerate confused and unorganized pleadings. A failure to comply with any aspect of these directions will result in dismissal of these proceedings with prejudice.

(Id. at 9–10.) Plaintiff was given thirty days to amend his Complaint and refile his Application to Proceed Without Prepayment of Fees. (Id. at 10.) Plaintiff subsequently filed a Third Application to Proceed Without Prepayment of Fees but did not file an amended Complaint. (Doc. # 35.)

On September 28, 2011, Plaintiff filed a Motion to Recuse this Judge from presiding over this case. (Doc. # 37.) Judge Puglisi issued a Memorandum Opinion and Order Denying Plaintiff's Motion for Recusal. (Doc. # 38.) On October 26, 2011, this Court issued an Order Denying Plaintiff's Motion and granting Plaintiff an additional thirty days to file an amended Complaint.[1] (Doc. # 40.) That deadline expired on November 25, 2011 and to date, no amended Complaint has been filed.

---

[1] Plaintiff appealed this Court's Order denying his recusal motion to the Ninth Circuit. (Doc. # 41.) On January 11, 2012, the Ninth Circuit issued an Order dismissing the appeal for lack of jurisdiction. (Doc. # 49.)

On December 21, 2011, Judge Puglisi issued a Findings and Recommendation that Plaintiff's Third Application to Proceed Without Prepayment of Fees be denied as moot because there is no operative complaint in this action. (Doc. # 48.) No objections to that Findings and Recommendation have been filed.

## DISCUSSION

Federal Rule of Civil Procedure ("Rule") 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id. at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

I.      Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiff that he must file an amended complaint within thirty days of the Court's September 21, 2011 Order or risk dismissal of the action with prejudice. (See Doc. # 34 at 10.) On October 26, 2011, the Court granted Plaintiff an additional thirty days to amend his Complaint and again reminded Plaintiff that failure to comply with the Court's Order would result in dismissal of the action with prejudice. (Doc. # 40 at 9.) Plaintiff's failure to amend his complaint hinders the Court's ability to move this case forward and indicates that Plaintiff does not intend to prosecute this action. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor plainly favors dismissal.

II.     Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish,

191 F.3d at 991). Plaintiff offers no excuse or explanation for his failure to file an amended complaint. When a party offers no excuse for failing to comply with a court's order, the risk of prejudice to the opposing party weighs in favor of dismissal. See Yourish, 191 F.3d at 991–92.

III.    Availability of Less Drastic Alternatives

The next factor, the availability of less drastic alternatives, also weighs in favor of dismissal. Plaintiff has twice filed deficient pleadings and this Court has twice denied Plaintiff's pleadings without prejudice. The Court has granted Plaintiff a third opportunity to file an amended complaint and has provided a detailed list of the information that must be included. Although Plaintiff had failed to satisfy basic pleading requirements, the Court sought to avoid dismissing the Complaint with prejudice by granting Plaintiff thirty days to amend his Complaint and subsequently extending that deadline. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Plaintiff has given this Court no indication that he intends to file an amended pleading and continue prosecuting this action. This Court has attempted to explore "possible and

meaningful alternatives to dismissal." Id.  Plaintiff has been non-responsive and noncompliant with respect to these alternatives.  Given Plaintiff's failure to prosecute this action, there is no appropriate alternative to dismissal.

IV.  Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.  It is, however, a plaintiff's responsibility to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has failed to discharge this responsibility despite the Court's order to the contrary.  Given these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh the other factors favoring dismissal.

Plaintiff's Action is therefore **DISMISSED**.

CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendation That Plaintiff's Third Application to

Proceed Without Prepayment of Fees Be Denied as Moot and **DISMISSES** Plaintiff's action.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, January 11, 2012.

_____
David Alan Ezra
United States District Judge

Spagnolo v. Social Security Administration, Cv. No. 11-00353 DAE-RLP; ORDER: (1) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND (2) DISMISSING THE ACTION